IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-64-BO

TOMMY CAMPBELL, )
    Plaintiff, )
  )
v. )     O R D E R
  )
SPEEDWAY, LLC and NICK YELVERTON, )
    Defendants. )

This matter is before the Court on defendant Yelverton's motion to dismiss [DE 10]. The matter is ripe for ruling. For the following reasons, defendant's motion is GRANTED.

Plaintiff Tommy Campbell, proceeding *pro se*, brought Title VII claims against his employer and his supervisor on February 16, 2018. He alleges both race discrimination and retaliation claims. *See* 42 U.S.C. §2000e-2(a); 3(a). Defendant Yelverton has moved to dismiss the claims against him.

A motion to dismiss challenges the legal sufficiency of a plaintiff's complaint. Fed. R. Civ. P. 12(b)(6); *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). It should be granted when, after accepting all factual allegations in the complaint as true, no set of facts would establish plaintiff to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Civil rights complaints, especially those filed by *pro se* plaintiffs, should be read generously. *Id.*

Defendant Yelverton has moved to dismiss on the grounds that Title VII does not provide for individual liability. This is true. *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). Supervisors are not liable in their individual capacities for Title VII violations. *Id.* Plaintiff has sued defendant Yelverton in his individual capacity for violating Title VII.

Accordingly, defendant Yelverton cannot be held liable and his motion to dismiss must be granted.

Defendant Yelverton's motion to dismiss [DE 10] is GRANTED.

SO ORDERED, this 18 day of May, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE